IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN D.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 22 C 2310 |
| v. | ) |
| | )   Magistrate Judge |
| KILOLO KIJAKAZI, Acting | )   Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kevin D.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On October 29, 2019, Plaintiff filed a claim for DIB, alleging disability since October 9, 2018. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on July 7, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On August 4, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 9, 2018. At step two, the ALJ concluded that Plaintiff had a severe impairment of lumbar spine degenerative disc disease, status-post surgery. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any

listed impairments. Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that Plaintiff could only engage in occasional climbing, balancing, stooping, kneeling, crouching, and crawling. At step four, the ALJ concluded that Plaintiff is capable of performing his past relevant work as a user support analyst, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three,

3

precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also*

*Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's analysis of the medical opinions of record was not supported by substantial evidence; (2) the ALJ's RFC assessment was not supported by substantial evidence; and (3) the ALJ's evaluation of Plaintiff's symptoms was not supported by substantial evidence.

In advancing his third argument, Plaintiff contends that the ALJ's symptom analysis is flawed and the ALJ "did not provide sufficient reasons for her conclusion about Plaintiff's symptoms." (Pl.'s Br. at 12.) In her decision, the ALJ briefly summarized Plaintiff's allegations, noting Plaintiff's reports that "back pain caused him to miss work" and he is "unable to sit for long periods." (R. 23.) The ALJ further noted Plaintiff's allegations that "he can sit for an hour, but would need to get up to walk around for 15 minutes, [and] would need to take pain medication to continue with his day." (*Id.*) Additionally, the ALJ noted Plaintiff's reports that "he gets episodes of back pain, which can last up to a week" and "after his most recent episode, he could barely walk for about a month." (*Id.*) The ALJ then offered the following boilerplate statement:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of

6

> these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(*Id.*)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, it is "well-settled law that mere boilerplate statements and conclusions cannot support an ALJ's decision, and an ALJ must set forth 'specific reasons' for discounting subjective reports of symptoms." *Andrew D. v. Kijakazi*, No. 20 C 6091, 2023 WL 2683468, at *3 (N.D. Ill. Mar. 29, 2023) (citations omitted). Accordingly, an ALJ errs when she "uses boilerplate without specifying the reasons for discounting symptoms." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

Under this legal framework, the Court finds that the ALJ erred in this case as she did not provide sufficient reasoning for rejecting Plaintiff's allegations. *See Grose v. Kijakazi*, No. 21 C 5866, 2023 WL 2572453, at *7 (N.D. Ill. Mar. 20, 2023). Other than the boilerplate statement recited above, the ALJ only specifically addressed Plaintiff's symptoms on one occasion, finding that Plaintiff's statements were "inconsistent because although the claimant has a remote history of spinal surgery, and medical imaging confirms lumbar deficits, there have been no further recommendations for surgical intervention over the next several years, even after following with orthopedic surgeon, Dr. Earman, as well as pain management, and most recently, after a spine specialist consult." (R. 26-27.) The Court finds the ALJ's

7

statement in that regard to be inadequate and concludes that the ALJ did not provide a sufficient analysis of why a lack of further surgical intervention necessarily undermined Plaintiff's allegations of significant back pain and problems sitting for extended periods. *See Andrew D.*, No. 2023 WL 2683468 at *3 ("The ALJ did not sufficiently discuss how the record evidence undermined Claimant's credibility nor did she adequately explain which allegations were not supported by the medical evidence.")

In responding to Plaintiff's argument concerning his subjective symptoms and arguing that the ALJ's analysis was sufficient, Defendant points to the ALJ's summation of Plaintiff's "treatment history, objective findings, and the prior administrative medical findings." (Def.'s Memo. at 10.) However, that rebuttal is unavailing because "an evidentiary summary is not adequate to support a symptom analysis." *Frazier v. Berryhill*, No. 17 C 8484, 2019 WL 157911, at *6 (N.D. Ill. Jan. 10, 2019) (citations omitted). Ultimately, the ALJ's failure to sufficiently and explicitly analyze Plaintiff's symptoms requires that this matter be remanded. *See id.* at *9 ("Remand is therefore required so that the ALJ can build a logical bridge between the record and her evaluation of the symptoms that Frazier described.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes

the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's RFC is properly derived and the medical opinions are properly weighed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:** **May 5, 2023**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

9