IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN D.,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | No. 22 C 2310 <br><br> Magistrate Judge <br> Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kevin D.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The matter is presently before the Court on Defendant's Rule 59(e) Motion to Alter or Amend Judgment [Doc. No. 23]. Defendant's motion asks this Court to reconsider its Memorandum Opinion and Order dated May 5, 2023 [Doc. No. 21] which granted in part and denied in part Plaintiff's motion to reverse the Commissioner's decision, denied Defendant's cross-motion for summary judgment, and remanded the matter

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

for further proceedings. For the reasons that follow, Defendant's motion to reconsider is denied.

## DISCUSSION

Defendant moves to reconsider pursuant to Federal Rule of Civil Procedure 59(e). A party moving to alter or amend a judgment under Rule 59(e) "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) (citation and internal quotations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). Rather, "[i]t is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (citation omitted).

In its May 5, 2023 decision, this Court determined that remand was required because the ALJ failed to sufficiently and explicitly analyze Plaintiff's alleged symptoms. In requesting reconsideration, Defendant argues that "the ALJ did clearly explain why multiple regulatory factors weighed against adopting plaintiff's alleged symptoms in full." (Def.'s Mot. at 2.) However, as the Seventh Circuit has made clear, "a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (citation omitted). Along those lines, Rule 59(e) is not "a vehicle for recycling arguments that the Court has previously rejected." *Keiber v. Astrue*, No. 08 CV 2616, 2010 WL 3001958, at *1 (N.D. Ill. July 9, 2010) (citation omitted).

Under this legal framework, the problem for Defendant is that she previously raised – and the Court rejected – the arguments she now identifies as a basis for reconsideration. [*Compare* Def.'s Mot. at 2 ("[T]he ALJ considered at least four regulatory factors in considering plaintiff's subjective complaints: plaintiff's own statements, treatment history, objective findings, and the prior administrative medical findings.") *with* Doc. No. 18 at 10 ("[T]he ALJ reasonably relied on plaintiff's own statements as well as treatment history, objective findings, and the prior administrative medical findings in concluding his symptoms were not as limiting as alleged.").] Defendant's attempt to re-litigate arguments this Court previously rejected must fail. *See Yousif v. Ill. Dep't of Juv. Just.*, No. 21-CV-1302, 2022 WL 10537154, at *2 (N.D. Ill. Oct. 18, 2022) ("Rule 59(e) does not allow a party to 'rehash[] old arguments' or gain '[another] bit at [the] apple' to re-litigate previously considered and dismissed arguments.") (citations omitted); *Shannon M. v. Saul*, No. 19 C 2568, 2021 WL 4539858, at *2 (N.D. Ill. June 8, 2021) ("A Rule 59(e) motion is not the appropriate vehicle in which to rehash an argument made at an earlier stage in the litigation.").

Defendant also argues that the Court failed to read the ALJ's decision "as a whole." Contrary to Defendant's assertion, this Court did indeed consider the ALJ's decision as a whole and reasonably determined that the decision was deficient because it lacked an explicit and particularized discussion of Plaintiff's alleged symptoms. Ultimately, Defendant has not demonstrated that this Court completely

3

disregarded, misapplied, or failed to recognize controlling precedent. Accordingly, the Court finds Defendant's arguments for reconsideration unavailing.

## CONCLUSION

For the foregoing reasons, Defendant's Rule 59(e) Motion to Alter or Amend Judgement [Doc. No. 23] is denied.

**SO ORDERED.**   **ENTERED:**

**DATE:     June 16, 2023**

                                         **HON. MARIA VALDEZ**
                                         **United States Magistrate Judge**

4